IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anderson, Vincent Edward d/b/a Vincent Edward Anderson, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Dean Ford; Diane Cagle; Tim Brown, ) <br> ) <br> Defendants. ) <br> _____ ) | C/A No. 6:14-1665-JMC-JDA <br><br><br> REPORT AND RECOMMENDATION |

Vincent Edward Anderson ("Plaintiff"), proceeding pro se, brings this civil action for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Plaintiff brings this § 1983 action against two state magistrate judges, Dean Ford ("Ford") in Simpsonville, S.C. and Diane Cagle ("Cagle") in Greenville, S.C., and a deputy sheriff with the Greenville County Sheriff's Office, Tim Brown ("Brown"). Complaint [Doc. 1.] Plaintiff seems to allege that prior to October 15, 2013, he owed an outstanding fine to Greenville County, and he tried to pay the fine using an "International Bill of Exchange (I.B.O.E.)." [Doc. 1 at 3.] By notice dated December 18, 2013, Greenville County informed Plaintiff that it does not accept payments using I.B.O.E. and that he must resubmit proper payment. [Doc. 1-3 at 5.] Plaintiff alleges he continued to attempt to pay fines using I.B.O.E., but Ford and Cagle each rejected his attempts to pay using I.B.O.E. [Doc. 1 at 3–5.] On December 12, 2013, Plaintiff was charged with driving under suspension ("DUS"), and it appears that on January 13, 2014, he was found guilty and received a fine. [Doc. 1

at 3–4; Doc. 1-3 at 2.] By letter dated February 21, 2014, a Greenville County or City judge notified Plaintiff that if he did not pay $652.50 (the sentence of the court for his January 13, 2014, DUS) within two weeks a warrant for his arrest may be issued. [Doc. 1-3 at 2.] Plaintiff alleges on March 6, 2014, he "submitted an Open Bond to the United States Treasury for discharge of the tickets." [Doc. 1 at 4.] On April 20, 2014, Plaintiff allegedly received a letter dated April 2, 2014, from Brown with the Greenville County Sheriff's Office that a warrant for Plaintiff's arrest had been given to the sheriff's office, and he should report to the law enforcement center. [Doc. 1-3 at 6.] Plaintiff alleges Brown's letter is a "threat for not rendering the court an accepted form of debt set off and for failure to appear." [Doc. 1 at 4.]

Based on these alleged facts, Plaintiff seems to claim his constitutional right to travel has been violated because he should be permitted to travel without a commercial driver's license. [Doc. 1 at 5.] He seeks damages based on the denial of his constitutional rights. [*Id.*] Further, Plaintiff seeks revocation of the two magistrate judges' employment in that they each should be removed from public office, and he requests an order to require the two magistrate judges to "uphold the law of the Constitution—right to travel without a commercial driver license ." [*Id.*]

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which

relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501

(2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Ford and Cagle are state magistrate judges who violated his constitutional rights, and he seeks damages; however, they both have immunity from suit. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12-13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, Ford and Cagle's alleged misconduct occurred during judicial proceedings or was related to the proceedings in an attempt to obtain payment of the fine imposed by the court. Thus, because Plaintiff sues Ford and Cagle based on their judicial actions, they should be dismissed pursuant to immunity.

To the extent Plaintiff brings this action attempting to vacate his state DUS conviction and sentence, this action should be dismissed based on abstention. Where a plaintiff files

an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Smalley v. Shapiro & Burson*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (party losing in state court is barred from seeking what in substance would be appellate review of state judgment, and the doctrine applies to matters directly addressed by the state court and claims which are inextricably intertwined with state court decisions). Here, Plaintiff's request that Ford and Cagle be required to "uphold the law of the Constitution—right to travel without a commercial driver license" appears to be an attempt to overturn his DUS conviction. This Court, however, does not have jurisdiction to vacate a state court decision entered prior to this case. *See In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (noting that pursuant to 28 U.S.C. § 1738 all federal courts must give full faith and credit to valid state court judgments). Therefore, this action should be dismissed pursuant to the *Rooker-Feldman* abstention doctrine.[1]

While it is not clear what Plaintiff's legal claim is with respect to Brown, Plaintiff alleges that Brown's letter that notified him a warrant had been issued for his arrest was a threatening letter. Liberally construed, Plaintiff may be alleging a malicious prosecution

---

[1] This Court acknowledges that "[t]he Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.*

5

claim because Brown is assisting with the state court's attempt to collect payment of the DUS fine or with an arrest for failure to comply with the DUS sentence. If the Fourth Amendment to the United States Constitution encompasses a malicious prosecution claim, then it may be cognizable under § 1983. *See Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007); *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012). However, one element of a malicious prosecution claim is that the criminal proceedings have terminated in the plaintiff's favor. *Id.* at 392 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996). Here, Plaintiff's pleading and attachments indicate that he was convicted of DUS on January 13, 2014, and Plaintiff has not yet paid his fine. Because Plaintiff does not allege the element that the state criminal charge against him has been resolved in his favor, a malicious prosecution claim appears to be premature. Therefore, with respect to a Fourth Amendment malicious prosecution claim, Plaintiff fails to allege a claim on which relief may be granted.

## Recommendation

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                                       s/ Jacquelyn D. Austin
                                                       United States Magistrate Judge

May 8, 2014
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).