# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Anderson, Vincent Edward d/b/a Vincent Edward Anderson, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Dean Ford, )<br>Diane Cagle, )<br>Tim Brown, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 6:14-cv-01665-JMC<br><br>**ORDER** |

Plaintiff Anderson, Vincent Edward d/b/a Vincent Edward Anderson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a non-prisoner and files this action *in forma pauperis* under 28 U.S.C. § 1915. *Id.* Plaintiff claims that his constitutional right to travel was violated because he is permitted to travel without a commercial driver's license. (ECF No. 1 at 3-5.) Plaintiff claims that his Driving Under Suspension ("DUS") conviction and sentence should be vacated. *Id.* Further, Plaintiff contends that a letter sent from the Greenville County Deputy's Office regarding an arrest warrant linked to his state DUS charge is a form of malicious prosecution. (ECF No. 1 at 3-4.) Plaintiff seeks monetary damages, revocation of two magistrate judges' positions within public office, and an order requiring both judges to "uphold the law of the Constitution" through permitting his right to travel without a commercial driver's license. (ECF No. 1 at 5.) Based on a review of the parties' submissions, the court finds that the Complaint is subject to summary dismissal. (ECF No. 12.)

1

### I.     STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915; this statute requires a court to dismiss a civil action filed *in forma pauperis* that is frivolous, fails to state a claim upon which relief can be granted, or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). This matter was referred to United States Magistrate Judge Jacquelyn D. Austin in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina. A magistrate judge is authorized to review a complaint for relief and submit findings and recommendations to the District Court. *Id.* Judge Austin issued a Report and Recommendation ("Report") on May 8, 2014, recommending that the court dismiss this case, without prejudice and without issuance and service of process. (ECF No. 12.) This review considers Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Objections"), filed May 19, 2014. (ECF No. 14.)

The magistrate judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination, *de novo*, remains with this court. *Id.* This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Id.* The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

As a *pro se* litigant, Plaintiff's arguments are afforded liberal construction and a less stringent standard than attorney drafted pleadings, but are still subject to summary dismissal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court cannot construct a Plaintiff's arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The

court addresses only those arguments that, when liberally construed, reasonably state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). Where there is a clear failure to allege facts that set forth a claim, this court must dismiss the complaint. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This court has conducted a *de novo* review of the issues in this case and concludes that Magistrate Judge Austin has properly applied the relevant law. This court specifically reviewed those conclusions of the Magistrate Judge mentioned in Plaintiff's Objections.

## II.     BACKGROUND

This court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 12.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objection. Plaintiff brings this 42 U.S.C. § 1983 action against two state magistrate judges, Dean Ford ("Ford") of Simpsonville, South Carolina and Diane Cagle ("Cagle") of Greenville, South Carolina, and against a deputy sheriff with the Greenville County Sheriff's Office, Tim Brown ("Brown"). (ECF No. 1 at 1-4.) Plaintiff alleges that, prior to October 15, 2013, he owed an outstanding fine of four hundred and forty dollars to Greenville County, and he attempted to pay this fine using an "International Bill of Exchange (I.B.O.E.)." (ECF No. 1 at 3.) Greenville County informed Plaintiff on December 18, 2013, that it would not accept payments using I.B.O.E., and that he should resubmit payment in a proper form, certified check or postal money order. (ECF No. 1-3 at 5.) Plaintiff alleges that he continued his attempts to pay his outstanding fines using I.B.O.E., but both Ford and Cagle rejected his attempts at payment using I.B.O.E. (ECF No. 1 at 3-5.)

On December 12, 2013, Plaintiff was charged with driving under suspension ("DUS"),

and he was found guilty of these charges and received a fine on January 13, 2014. (ECF No. 1 at 3-4; ECF No. 1-3 at 2.) On February 21, 2014, a Greenville County or City judge notified Plaintiff that he owed an additional six hundred and fifty-two dollars and fifty cents as a result of his DUS sentence, and that he must pay this amount within two weeks, or a warrant may be issued for his arrest. (ECF No. 1-3 at 2.) Plaintiff alleges on March 6, 2014, that he "submitted an Open Bond to the United States Treasury for discharge of the tickets." (ECF No. 1 at 4.) Plaintiff states that he received a letter from Brown, of the Greenville County Sheriff's Office, notifying Plaintiff that the sheriff's office had been given a warrant for his arrest, and that he should report to the law enforcement center. (ECF No. 1 at 4; ECF No. 1-3 at 6.) He asserts that Brown's letter constitutes a "threat for not rendering the court an accepted form of debt set off and for failure to appear." (ECF No. 1 at 4.) Plaintiff filed his Complaint on April 25, 2014. (ECF No. 1.)

After reviewing the Complaint and Plaintiff's cognizable causes of action under § 1983, the Magistrate Judge filed the Report, recommending dismissal of the case. (ECF No. 12.) The Report reflects that the Magistrate Judge understood Plaintiff's Complaint to list three claims related to his "right to travel." (*Id.*) Plaintiff asserts (1) that Ford and Cagle violated his constitutional rights by rejecting his payments for invalid payment form. (*Id.*) Next, (2) that his state DUS conviction and sentence should be vacated. (*Id.*) Finally, (3) that Deputy Sheriff Brown's "threatening" letter regarding Plaintiff's arrest warrant for fines from his state DUS sentence was a form of malicious prosecution. (*Id.*) The parties were advised of their right to file objections to the Report by May 27, 2014. (ECF No. 12.)

Plaintiff filed a timely Objection to the Magistrate Judge's Report on May 19, 2014. (ECF No. 14.) Plaintiff raised seemingly two objections to the Report: (i) magistrate judges are

not subject to judicial immunity, and (ii) this court does have authority to overturn the state's rejection of his I.B.O.E payment and his DUS conviction.[1] No objections were made regarding the Magistrate Judge's reasoning for dismissal of Plaintiff's malicious prosecution claim so this Order will adopt, but not address, the Magistrate Judge's recommendation on that specific issue.

### III.     ANALYSIS

As the Magistrate Judge properly explains, this Complaint is filed pursuant to 42 U.S.C. § 1983, which "is not itself a source of substantive rights," but merely an avenue to vindicate violations of rights conferred via the Constitution or laws of the United States. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). A cognizable § 1983 claim requires a plaintiff allege two essential elements: that a person violated a right secured to the plaintiff through the Constitution or law of the United States, and that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### i.     No cognizable claim under § 1983 because the challenged actions were performed in a judicial capacity.

Immunity is a viable bar to lawsuits brought against magistrate judges, so long as the (a) challenged actions were judicial acts, and (b) the judge has subject matter jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351 (1978); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (explaining that judiciary status is not merely a defense but a complete bar from suit). This judicial immunity is present even in suits brought under 42 U.S.C. § 1983, despite the fact that the statute makes liable "every person" who deprives another of his rights. *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1985). Judicial immunity encompasses the actions of

---

[1] The court recognizes that the plaintiff also attached two documents with his Objections that appear to be documents attempting to sue the State of South Carolina. As these are not legitimate court issued documents, this court will not address allegations raised in these documents.

state court magistrates whose authority is well established in state statute. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987).

As the Report explains, both Ford and Cagle are state magistrate judges and protected under this theory of judicial immunity because it is their judicial acts being challenged by Plaintiff. (ECF No. 12 at 4.) The actions taken by both Magistrates were primary functions of their job, carried out via their statutory authority. *King*, 973 F.2d at 357. Ford and Cagle's alleged misconduct was actually an attempt to obtain payment of a state imposed fine by the state court. (ECF No. 12 at 1-2.) Therefore, Ford and Cagle's challenged judiciary acts are completely barred from suit because of judicial immunity.

Plaintiff first objects to dismissal of his claims on grounds of judicial immunity because he alleges that both Magistrate Judges lacked subject matter jurisdiction. (ECF No. 14 at 2.) This court has found no authority in law for these assertions. Thus, this court disagrees. Both Magistrate Judges had subject matter jurisdiction over Plaintiff's tickets. Plaintiff claims that "magistrate court[s] in South Carolina . . . do not have subject matter jurisdiction over 'TRAFFIC CONCERNS,'" and therefore could not reject his form of payment to Greenville County. (ECF No. 14 at 2.) Liberally construing this argument, Plaintiff seems to contend that Ford and Cagle's inability to adjudicate traffic tickets would void both Magistrate Judges' judicial immunity because of their lack of jurisdiction over Plaintiff. *Id.* However, magistrate judges do have statutory authority to handle traffic offenses, and their payments, pursuant to S.C. Code Ann. §22-3-550. *See* S.C. Code Ann. §22-3-550 (2013). This statute explains that "[m]agistrates have jurisdiction of all offenses which may be subject to the penalties of a fine" up to seven thousand five hundred dollars. *See* S.C. Code Ann. §22-3-550 (2013); S.C. Code Ann. § 22-3-10(2) (2004). Further, magistrate judges have concurrent jurisdiction with district

6

court judges to "set an appropriate payment schedule," "hold a party in contempt for failure to pay[,]" and "convert any unpaid restitution, fines, or costs" into civil judgments against the ticketed individual. *See* S.C. Code Ann. §22-3-550 (2013); S.C. Code Ann. § 17-25-323(c) (2013). Therefore, both Ford and Cagle's actions related to Plaintiff's tickets and I.B.O.E. payments, thus immunizing them from suit.

### ii.   No cognizable claim under § 1983 because Plaintiff is challenging the validity of a state conviction and sentence.

Plaintiff next objects to the validity of his state DUS conviction and sentence and the Magistrate Judges' rejection of his "legal form of tender" for fees owed to Greenville County. (ECF No. 14 at 2.) However, as the Magistrate Judge's Report soundly reasons, this objection must be summarily dismissed because it asks this court to vacate Plaintiff's DUS charges and actions related to those charges. *Id.* The United States Supreme Court may review state court decisions, while United States District Courts are barred from reviewing state court decisions under certain abstention doctrines. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006); *see also Smalley v. Shapiro & Burson*, 526 F.App'x 231, 235-36 (4th Cir. 2013) (party losing in state court is barred from seeking what is, in essence, appellate review of a state judgment, and the Rooker-Feldman bars review of matters directly addressed by the state court and claims inextricably intertwined with state court decisions). Even though federal courts have a strict duty to exercise the jurisdiction that is conferred upon them, abstention doctrines, like the Rooker-Feldman doctrine, contend that this court cannot review state court judgments. *Davani*, 434 F.3d at 719. Therefore, this district court does not have jurisdiction to vacate a state court decision. *See In re Genesys Data Tech., Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (Federal courts must give full faith and credit to valid state court judgments pursuant to 28 U.S.C. § 1738.)

Plaintiff requests in his Complaint that Ford and Cagle "uphold the law of the Constitution" and recognize his right to travel without a commercial driver's license. These are, in actuality, requests to overturn his state DUS conviction. (ECF No. 1 at 3-5.) In his Objection, Plaintiff lists a number of court cases and constitutional quotes that he alleges combat the state court's decision to convict him of Driving Under Suspension and to reject his I.B.O.E. payments. (ECF No. 14 at 6-8, 10-14.) His DUS conviction and sentence are state court judgments, and his I.B.O.E. payments are inextricably intertwined with those judgments. Accordingly, the Magistrate Judge was correct in determining that Plaintiff's Complaint fails to state a claim under § 1983, and this action must be dismissed. (ECF No. 12 at 5); *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## IV.     CONCLUSION

Based on the aforementioned reasons, and after a thorough review of the Report (ECF No. 12) and Objections (ECF No. 14), the court **ACCEPTS** the Report of Magistrate Judge and **OVERRULES** Plaintiff's Objections. It is therefore ordered that Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 14, 2016
Columbia, South Carolina

8